**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3: 01cr195**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Vs.** ) | **ORDER** |
| ) | |
| **HASSAAN HAAKIM RASHAAD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion for Reconsideration (#150). Defendant asks that the court reconsider its Order (#149) of August 27, 2012, denying defendant's Motion to Reduce Sentence re Crack Cocaine Offense. In that Order, this court denied such motion for the following reason: "[d]ue to the defendant's classification as a Career Offender, there is no change in the guideline calculations and Amendment 750 is not applicable in this case." Id., at 1.

Under 18 U.S.C. § 3582(c), a federal court generally lacks authority to "modify a term of imprisonment once it has been imposed." Subsection (c)(2), however, permits a court to reduce

> a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement, contained in § 1B1.10 of the advisory Sentencing Guidelines, provides that "[a] reduction in the defendant's term of imprisonment ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2011); see also § 1B1.10(c). The Sentencing

Commission has reduced the base offense levels applicable to offenses involving certain quantities of crack cocaine as listed in the Drug Quantity Table contained in § 2D1.1(c). While Part A of Amendment 750 is listed in § 1B1.10(c) and is, therefore, retroactive and may serve as grounds for a reduction of sentence in appropriate cases, "a defendant is ineligible for a reduced sentence if 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" United States v. Munn, 595 F.3d 183, 187 (4th Cir.2010) (*quoting* U.S.S.G. § 1B1.10 cmt. n. 1 (2008)).

In seeking reconsideration, defendant argues that even though he was sentenced as a career offender, the court should have lowered his sentence despite Munn because Amendment 750 would have lowered his otherwise applicable base offense level for the crack cocaine conviction. The fundamental problem with this argument, as will be discussed below, is that while Amendment 750 reduced the base offense levels for crack cocaine trafficking crimes, it did not reduce the offense levels for career offenders. Defendant primarily relies on the Supreme Court's decision in Freeman v. United States, ––– U.S. ––––, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), in support of his contention that a sentence reduction is authorized under 18 U.S.C. § 3582(c)(2). Essentially, defendant argues that § 3582(c)(2), as interpreted in Freeman, would supersede the recent changes to U.S.S.G. § 1B1.10. In Freeman, the defendant moved for a reduction in his agreed to 106 month sentence (46 months for a crack cocaine offense and 60 months for a firearms offense) after the Drug Quantity Table was reduced. The district court denied that motion based on a finding that the sentence was imposed in accordance with a Rule 11(c)(1)(C) plea and not on the crack cocaine guidelines. United States v. Freeman, No. 3:04CR98–J, 2008 WL 8116991 (W.D.Ky. Dec.31, 2008), *aff'd sub nom*., United States v. Goins, 355 F. App'x 1

(6th Cir.2009), *rev'd sub nom.*, Freeman v. United States, ––– U.S. ––––, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011). In ultimately reversing the district court's decision in Freeman, the Supreme Court held that when a binding plea agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." Freeman, 131 S.Ct. at 2698 (Sotomayor, J., concurring).

While such decision certainly provide the defendant in Freeman with relief, it has no application to the circumstances presented in this defendant's case. Unlike defendant herein, Freeman was not sentenced as a career offender, but sentenced under the crack cocaine guidelines in accordance with provisions of a binding plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C). Thus, the determination in Freeman related only to the first inquiry under 18 U.S.C. § 3582(c)(2), which is whether a sentence was "based on" a subsequently changed sentencing guideline. The Court did not reach the issue of whether a *career offender*, who is convicted of a crack cocaine offense, is eligible for a reduced sentence in light of the policy statement in U.S.S.G. § 1B1.10.

Freeman does not support defendant's argument that he is eligible for a sentence reduction. Defendants other arguments are also unavailing as it is clear that defendant was sentenced as a career offender and is ineligible for a reduced sentence in light of U.S.S.G. § 1B1.10. While the Motion to Reconsider will be allowed, after careful consideration of all of defendant's arguments, the court will deny the relief sought and reaffirm its Order (#149) of August 27, 2012, denying defendant's Motion to Reduce Sentence re Crack Cocaine Offense.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Reconsideration (#150) is **GRANTED,** and, after consideration of defendant's argument, the court **DENIES** the relief sought and **REAFFIRMS** its Order (#149) of August 27, 2012, denying defendant's Motion to Reduce Sentence re Crack Cocaine Offense.

Signed: October 5, 2012

Max O. Cogburn Jr.
United States District Judge